A. C. VAN DERVORT v. JOHN A. VYE.[1]

December 13, 1901.

Nos. 12,835—(122).

**Decision Sustained by Evidence.**

The controversy in this case was as to whether the plaintiff or the intervening defendant was entitled to the proceeds of certain wood sold to the original defendant. *Held*, that the findings and decision of the trial court to the effect that the intervening defendant was entitled to such proceeds are sustained by the evidence; and, further, that the court did not err in receiving in evidence certified copies of certain documents filed in the office of the town clerk.

Appeal by plaintiff from an order of the municipal court of St. Paul, Orr, J. denying a motion for a new trial. Affirmed.

*J. M. Hawthorne, C. M. King* and *W. A. McDowell,* for appellant.
*W. H. Williams,* for respondent.

START, C. J.

The plaintiff brought this action against the Northwestern Fuel Company to recover the sum of $332.10 for wood sold to it, as she alleged in her complaint, by her, by her agent, John A. Vye, who claimed that the proceeds arising from the sale belonged to him. Thereupon he was, by order of the court, made a party defendant, and answered by way of a complaint in intervention, asserting his title to such proceeds.

On the trial the value of the wood was agreed upon, and the fuel company permitted to deposit the value thereof in court; and

[1] Reported in 88 N. W. 2.

thereafter the cause proceeded to trial between the plaintiff and the substituted defendant, Vye.

The trial court, after hearing the evidence, made its findings of fact and conclusion of law to the effect that the defendant was entitled to the fund in court. The plaintiff appealed from an order denying her motion for a new trial.

The plaintiff claimed that she was the sole owner of the wood, and that the defendant sold it for her as her agent. On the other hand, the defendant claimed in his complaint and on the trial that the wood was at one time the property of the firm of Van Dervort & Co., consisting of the plaintiff and her son C. H. Van Dervort, and that it was sold to the defendant by the firm, the son acting for it, with the agreement that the purchase price of the wood should be applied upon a note made by the firm and C. H. Van Dervort to the defendant. There was no dispute on the trial but there was some arrangement between the defendant and C. H. Van Dervort as to the sale of the wood, but there was a radical conflict in their testimony as to its terms.

The principal question presented by the record is whether the finding of the trial court to the effect that the wood belonged to the firm, and was sold to the defendant, to be applied on his note, is sustained by the evidence. It is here earnestly contended by the plaintiff's counsel that there was no evidence to sustain this finding. It must be admitted that, if entire credence is to be given to the testimony offered on behalf of the plaintiff, the finding is against the weight of the evidence. But the credibility of the witnesses was a question for the trial court, and there were many circumstances elicited on their cross-examination tending to show that they were probably mistaken in material portions of their testimony in chief. There was also documentary evidence in the case tending to support the defendant's claim.

Upon the whole record, we are of the opinion that the findings of the trial court are not so manifestly against the weight of the evidence as to justify the conclusion that the court abused its discretion in denying the plaintiff's motion for a new trial. We hold that the findings are sustained by the evidence, and that they justify the trial court's conclusion of law.

Errors are also assigned as to the rulings of the court on the admission of certain documentary evidence. The documents were certified copies of three instruments filed in the office of the town clerk of the proper town, and were, as well as certain oral evidence which was objected to, material, as tending to show facts proper for the consideration of the court in connection with the testimony of the plaintiff that she was the sole owner of the wood in question. But it is urged·that the instruments were not such as the statute authorized to be filed in the town clerk's office; hence certified copies were not admissible in evidence. One of the instruments was a chattel mortgage, in the usual form, and there can be no question but that the certified copy thereof was properly received in evidence. The other two were, in effect, parts of the same agreement, and evidenced a conditional sale whereby the title to the property therein described was to be in the vendor until it was paid for. They were acknowledged and properly filed in the office of the town clerk. Therefore certified copies thereof were competent evidence. G. S. 1894, §§ 4148, 5733.

Order affirmed.